OPINION
{¶ 1} Appellant Richard C. Gayheart appeals the decision of the Licking County Court of Common Pleas, which granted summary judgment in favor of Appellees Midland Title Security, Inc., et al. in a dispute over title insurance coverage. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 4, 1997, appellant entered into a contract with Jasper and Louise Puryear for the sale of real estate on South Second Street in Newark. The contract and general warranty deed were signed by Philip Carter, the purported attorney in fact for the Puryears.
 {¶ 3} On October 8, 1997, appellant, as the buyer, tendered a personal check to the closing agent, Attorney Bruce Ennen, for "deed insurance." On the same day, Attorney Ennen tendered a check for $330 to Midland Title, the title insurance agent, to cover the cost of a title examination, title commitment, and owner's policy of title insurance. Midland Title thereafter issued a commitment of title, underwritten by Appellee First American Title Insurance Company, on October 9, 1997.
 {¶ 4} The closing took place on October 15, 1997. A general warranty deed regarding the South Second Street property was filed in the Licking County Recorder's Office on November 17, 1997.
 {¶ 5} After the closing, appellant began making improvements to the property. On December 5, 1997, however, the Puryears filed for an injunction and restraining order under case number 97CV765, claiming fraud in Philip Carter's acquisition of power of attorney. Pursuant to an agreed judgment entry in case 97CV765 filed on October 12, 1998, the deed transferring the property to appellant was declared null and void. Appellant obtained thereby a lien on the Puryear property for $29,000.
 {¶ 6} Appellant filed suit against Appellees Midland Title and First American on December 19, 2001, for breach of contract, unjust enrichment, and insurance bad faith, seeking damages of $26,000, attorney fees, and punitive damages. On February 19, 2003, appellees filed a motion for summary judgment, in response to which appellant filed a brief in opposition.
 {¶ 7} On May 12, 2003, the trial court granted summary judgment in favor of appellees.
 {¶ 8} Appellant filed a notice of appeal on June 10, 2003, and herein raises the following sole Assignment of Error:
 {¶ 9} "I. The trial court erred in granting summary judgment and abused its discretion by failing to apply the proper standard to the evidence in the case."
 I. {¶ 10} In his sole Assignment of Error, appellant argues the trial court erred in granting summary judgment in favor of Midland Title and First American. We disagree.
 {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 12} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 13} The title insurance commitment at issue included the following language:
 {¶ 14} "FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION, herein called the Company, for valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedule A and B and to the Conditions and Stipulations hereof.
 " * * * {¶ 15} "This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six (6) months after the effective date hereof or when the policy or policies committed for shall issue, whichever occurs first, provided that the failure to issue such policy or policies is not the fault of the Company . . .
 " * * * {¶ 16} "Schedule B, Section I
 {¶ 17} "The following are the requirements to be complied with:
 {¶ 18} "Instrument(s) creating the estate or interest to be insured must be approved, executed, delivered and filed for record.
 {¶ 19} "Proper deed from Jasper R. Puryear and Louise G. Puryear, husband and wife, vesting fee simple title in Richard Gayheart.
 "* * *" {¶ 20} Appellant's Exhibit C.
 {¶ 21} It is undisputed that the general warranty deed to appellant, executed by Carter as the purported attorney in fact for the Puryears, was declared void by a prior judgment entry under another case number. Appellant testified at deposition that he merely assumed Midland Title had knowledge of the forged deed (See Gayheart deposition at 128), even though Midland was not a party to the earlier court action. It was further conceded that appellant did not advise Midland Title of the forgery until the six-month commitment period had passed. Judgment Entry at 7.
 {¶ 22} In Domoney Corp. v. USLife (Nov. 5, 1985), Franklin App. No. 85AP-318, the Tenth District Court of Appeals addressed a situation wherein a transferor conveyed a forged deed to Domoney Corporation. In that case, the transferor obtained a title insurance commitment on August 5, 1980 from USLife; the forged deed was recorded seven days later. The Tenth District Court first concluded that the forged deed provided by the transferor to Domoney "did not meet the condition of the title insurance commitment that a proper warranty deed conveying fee simple title to the premises be approved, executed and filed for record." The Court then noted that the forged deed had not been presented to a USLife agent or filed by Domoney's counsel at the time of the issuance of the title insurance commitment on August 5, 1980. The Court reasoned that "[s]ince title insurance is retrospective in nature, the commitment only applied to defects in title in existence prior to the issuance of the commitment and thus did not apply to the deed filed on August 12, 1980. [Citation omitted]." Therefore, there was no error in the denial of coverage to Domoney on the contractual basis of the commitment for title insurance. Id.
 {¶ 23} We find the rationale of Domoney applicable to the facts of the case sub judice. Therefore, because the evidence clearly indicates Midland was neither aware of the forged deed nor provided with a warranty deed for approval, the trial court did not err in granting summary judgment in favor of Midland
 {¶ 24} Furthermore, appellant's procedural maneuvers in this dispute would otherwise preclude his claim for damages. The evidence shows appellant never advised Midland of his intervention in the prior case, let alone his subsequent settlement and judgment for $29,000. As such, appellant's present damages claim rings hollow when he proposes that Midland "should have come to his rescue at the time of the settlement conference and/or paid his legal expenses in trying to get the matter resolved." Appellant's Brief at 12. As appellees note, it is difficult for a title insurer to come to the rescue when its alleged insured voluntarily intervenes in a prior action and no notice is provided to the insurer. Therefore, summary judgment was proper on these grounds as well.
 {¶ 25} Appellant's sole Assignment of Error is overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.
Wise, J., Gwin, P.J., and Hoffman, J., concur.